# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CAROL L. JACQUES, | Civil No. 07-248 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |
| DAKOTA, MINNESOTA & EASTERN RAILROAD CORPORATION, a Delaware Corporation, | |
| Defendant. | |

Richard L. Carlson and Cortney S. LeNeave, **HUNEGS, LeNEAVE & KVAS, P.A.**, 900 Second Avenue South, Suite 1650, Minneapolis, MN 55402, for plaintiff.

Brian J. Donahoe, **CUTLER & DONAHOE, LLP**, 100 North Phillips Avenue, Ninth Floor, Sioux Falls, SD 57104, for defendant.


Plaintiff Carol L. Jacques brought this action for negligence against her employer, Dakota, Minnesota & Eastern Railroad Corporation ("DM&E"), under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.* DM&E filed the instant motion to transfer venue pursuant to 28 U.S.C. § 1404(a), arguing that venue is more convenient in South Dakota. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff Carol Jacques ("Jacques"), a resident of South Dakota, worked as a conductor for defendant DM&E in Rapid City, South Dakota. DM&E is a Delaware corporation with headquarters in Sioux Falls, South Dakota. On October 21, 2004, Jacques climbed a DM&E railcar to release the handbrake. As she climbed the railcar, she slipped off the grab iron and fell approximately fifteen feet to the ground.

Jacques filed a complaint in the District of Minnesota, alleging that DM&E failed to provide her with a reasonably safe work environment and failed to properly inspect and maintain its railcars, in violation of FELA. Jacques contends that she suffered permanent physical injuries as a result of DM&E's negligence. DM&E responded with the instant motion to transfer venue to South Dakota.

## ANALYSIS

**I.    MOTION TO TRANSFER VENUE**

Courts examine three factors when deciding a motion to transfer venue under 28 U.S.C. § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The moving party must show that the balance of these factors "strongly favors" transfer. *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996). Ultimately, the decision to transfer a case is committed to the discretion of the district court. *Terra Int'l, Inc.*, 119 F.3d at 691. Transfer under § 1404(a) is intended to "prevent the waste of time, energy and money and to protect

litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).

### A. Convenience of the Parties and Witnesses

In considering the convenience of the parties, courts afford significant weight to the plaintiff's choice of forum. *K-Tel Int'l, Inc. v. Tristar Prods., Inc.*, 169 F. Supp. 2d 1033, 1045 (D. Minn. 2001). Courts generally give less deference to the plaintiff's choice when the plaintiff does not reside in the selected forum, or when the underlying events did not occur in the chosen forum. *Nelson v. Soo Line Ry. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). However, the mere fact that a case is heard in a foreign state is not by itself an adequate reason to transfer venue. *See Hughes v. Wheeler*, 364 F. 3d 920, 925 (8th Cir. 2005). Ultimately, section 1404(a) allows for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

DM&E argues that Jacques's choice of forum is entitled to no deference from the Court because she does not reside in Minnesota and because the operative facts occurred in South Dakota. This would be true had Jacques filed an ordinary common law negligence claim. But section 6 of FELA affords Jacques a statutory right to bring this action "in a District Court . . . in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. The right under FELA to select a forum is "a substantial right," *Boyd v. Grand Trunk W. R.R. Co.*, 338 U.S. 263, 266 (1949), and to give no deference to Jacques's choice of forum would effectively disregard the clear statutory language of section 6. *Cf. Terra Int'l, Inc.*, 119 F.3d at 697 (finding that a

contractual right to venue under a forum selection clause is "'a significant factor that figures centrally in the district court's calculus' in a motion to transfer") (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)). Indeed, other courts have found that a plaintiff's choice of venue under FELA is accorded significant respect. *See Darpoh v. N.J. Transit Rail Operations, Inc.*, 1993 WL 160114, at *2 (E.D. Pa. 1993) (noting that plaintiff's forum selection under FELA "is to be accorded significant judicial respect"). The Court concludes that Jacques's choice of venue in Minnesota should be given significant weight.

In light of the deference given to Jacques's choice of venue, the Court is not persuaded that venue in South Dakota would be more convenient for the parties or witnesses. While both parties are residents of South Dakota, the distance to Minneapolis is relatively minimal. Indeed, DM&E's corporate headquarters in Sioux Falls is closer to Minneapolis than it is to DM&E's requested forum in Rapid City, South Dakota. Although there may be some minimal inconvenience to DM&E in transporting relevant business records and other sources of proof to Minneapolis, DM&E is likely to be similarly inconvenienced if the case were tried in Rapid City, as it would be faced with similar costs and logistical difficulties in transporting documents across South Dakota from Sioux Falls to Rapid City. As such, the Court does not believe that the convenience of the parties favors transfer.

With respect to the convenience of the witnesses, the Court considers factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at

1121.  Many potential witnesses in this case are located within close proximity to Minneapolis.  Although venue in Rapid City would surely be more convenient for DM&E employees residing in Rapid City, this fact alone does not warrant transfer.  *Id.* (stating that "transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer").  And as noted by Jacques, testimony by treating physicians located in South Dakota will likely be presented by videotaped deposition.  DM&E contends that even if transfer to Rapid City is not warranted under § 1404(a), the Court could simply transfer this case to Sioux Falls instead of Rapid City.  While Sioux Falls may be equally convenient for some of Jacques's witnesses in South Dakota, and perhaps equally inconvenient for those witnesses residing in Rapid City, DM&E has not demonstrated that the convenience of the witnesses strongly favors transfer to South Dakota.

    B.    **Interest of Justice**

In determining whether the interest of justice warrants transfer, courts consider the relative familiarity of the law to be applied, the relative ability of parties to bear the costs of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum.  *Id.* at 1122.  As discussed above, the Court accords significant weight to Jacques's choice of venue in Minnesota.  Section 6 of FELA provides Jacques with a statutory right to bring an action in Minnesota, even if Jacques does not reside in Minnesota and the events giving rise to this litigation occurred elsewhere.  The Court further notes that DM&E, a corporate railroad with operations throughout the upper Midwest, is better positioned to

bear the costs of litigating in a distant forum than the plaintiff.  As such, the interest of justice factor weighs against transfer of venue to South Dakota.

In sum, the Court concludes that the three factors under § 1404(a) do not warrant transfer to South Dakota.  Jacques's choice of venue in Minnesota is entitled to significant deference.  DM&E has not overcome the presumption in favor of Jacques's choice of venue by showing that the § 1404(a) factors strongly favor transfer.  The Court therefore denies DM&E's motion to transfer venue to South Dakota.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Dakota, Minnesota & Eastern Railroad Corporation's Motion to Change Venue [Docket No. 10] is **DENIED**.

DATED:  March 27, 2008                              s/ John R. Tunheim
at Minneapolis, Minnesota.                             JOHN R. TUNHEIM
                                                   United States District Judge